```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:     6/8/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANGELA SHELTON,

                  Plaintiff,

            -against-

PRUDENTIAL INSURANCE COMPANY OF
AMERICA,

                  Defendant.
------------------------------------------------------------X

16-CV-1559 (VEC)

OPINION & ORDER

VALERIE CAPRONI, United States District Judge:

      Plaintiff has sued Defendant Prudential Insurance Company of America ("Prudential") under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. Plaintiff seeks to recover long term disability benefits to which she claims she is entitled as a beneficiary of a long term disability plan now administered by Prudential for the Bank of New York Mellon, Plaintiff's former employer. Plaintiff moves to compel discovery outside of the administrative record. In response to the Court's April 22, 2016 Order (Dkt. 14), on May 13, 2016, the parties filed cross briefs addressing whether the scope of discovery should expand beyond the administrative record (Dkts. 19, 20). On May 14, 2016, Plaintiff filed an additional unsolicited memorandum of law opposing Prudential's arguments addressing the appropriate standard of review (Dkt. 22). On May 17, 2016, Prudential submitted a letter motion requesting a teleconference to address Prudential's proposed motion to strike Plaintiff's May 14, 2016 memorandum of law or, in the alternative, requesting permission to file an opposition to Plaintiff's memorandum of law regarding the standard of review (Dkt. 23). In response, on May 23, 2016, Plaintiff moved for leave to file a reply to any future opposition by Prudential regarding the standard of review (Dkt. 28). For the following reasons, Plaintiff's motion for

discovery outside of the administrative record is GRANTED in part and DENIED in part, and Prudential's and Plaintiff's motions for a teleconference or for leave to file briefing regarding the standard of review is DENIED.

## DISCUSSION

ERISA permits a party to sue to recover benefits due under an employee benefit plan. 29 U.S.C. § 1132(a)(1)(B).  Under ERISA, courts review a denial of benefits *de novo* "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).  If the benefit plan grants the administrator such discretion, courts "will not disturb the administrator's ultimate conclusion unless it is arbitrary and capricious." *Hobson v. Metro. Life Ins. Co.*, 574 F.3d 75, 82 (2d Cir. 2009) (quotation marks and citation omitted).  In addition, courts may review a denial of benefits *de novo* if a benefit plan fails to comply with the Department of Labor's claims-procedure regulation, "unless the plan has otherwise established procedures in full conformity with the regulation and can show that its failure to comply with the claims-procedure regulation in the processing of a particular claim was inadvertent *and* harmless." *Halo v. Yale Health Plan, Dir. of Benefits & Records Yale Univ.*, 819 F.3d 42, 45 (2d Cir. 2016) (emphasis in original).

District courts have discretion to admit evidence outside the administrative record, but such discretion "ought not to be exercised in the absence of good cause." *Krauss v. Oxford Health Plans, Inc.*, 517 F.3d 614, 631 (2d Cir. 2008) (quotation marks and citation omitted).  A conflict of interest on the part of the plan administrator—such as "an administrator's dual status as a claims reviewer and claims payor," as is the case here—may provide good cause for a district court to consider evidence outside of the administrative record, but a conflict of interest

2

does not automatically constitute good cause. *Locher v. Unum Life Ins. Co. of Am.*, 389 F.3d 288, 294 (2d Cir. 2004).

The standard that a plaintiff must meet to obtain discovery outside of the administrative record is lower than the standard a plaintiff must meet before the district court may consider evidence outside the administrative record. *Trussel v. Cigna Life Ins. Co. of New York*, 552 F. Supp. 2d 387, 390 (S.D.N.Y. 2008) (the standard to obtain evidence beyond the administrative record is "less stringent" than the standard permitting the court to consider such evidence (citing *Anderson v. Sotheby's Inc. Severance Plan*, No. 04 CIV.8180 (SAS) (DFE), 2005 WL 6567123, at *7 (S.D.N.Y. May 13, 2005))). To take discovery outside of the administrative record, plaintiff need only show that there is "'a reasonable chance that the requested discovery will satisfy the good cause requirement.'" *Schalit v. CIGNA Life Ins. Co. of New York*, No. 07CIV.0476 (CM) (RLE), 2007 WL 2040587, at *2 (S.D.N.Y. July 12, 2007) (quoting *Anderson*, 2005 WL 6567123, at *7); *see also Garban v. Cigna Life Ins. Co. of New York*, No. 10 CIV. 5770 (JGK) (RLE), 2011 WL 3586070, at *2 (S.D.N.Y. Aug. 11, 2011). "Were a party required to make a full showing at this stage, he would be caught in a 'vicious circle: To obtain discovery, he would need to make a showing that, in many cases, could be satisfied only with the help of discovery.'" *Hamill v. Prudential Ins. Co. of Am.*, No. 11-CV-1464 (SLT) (CLP), 2013 WL 27548, at *5 (E.D.N.Y. Jan. 2, 2013) (quoting *Rubino v. Aetna Life Ins. Co.*, No. CV 07–377, 2009 WL 910747, at *4 (E.D.N.Y. Mar. 31, 2009)).

The standard of review, the admissibility of evidence outside of the administrative record, and the scope of discovery are three separate issues, and the Court need not decide the first two in order to decide the last. As Judge Baer pointed out in *Mergel v. Prudential Life Ins. Co. of Am.*, the argument that plaintiff's discovery must be limited to the administrative record because an abuse of discretion standard of review applies "conflates the standard of review with the

standard for discovery," and, accordingly, Judge Baer rejected the argument. No. 09 CV 00039 (HB), 2009 WL 2849084, at *1, *2 n.3 (S.D.N.Y. Sept. 1, 2009). The Court can rule on the scope of discovery without deciding the standard of review and without deciding whether evidence outside the administrative record will ultimately be considered. *See Ramsteck v. Aetna Life Ins. Co.*, No. 08-CV-0012 (JFB) (ETB), 2009 WL 1796999, at *8 n.3 (E.D.N.Y. June 24, 2009) (holding that the standard for permitting discovery outside of the administrative record is less stringent than the standard for considering outside evidence, whether under a *de novo* or arbitrary and capricious standard of review on the merits); *Reittinger v. Verizon Commc'ns Inc.*, No. CIV.1:05CV1487 (FJS/R), 2006 WL 3327676, at *3 (N.D.N.Y. Nov. 15, 2006) (stating that discovery outside the administrative record may be permitted whether a *de novo* or an arbitrary and capricious standard of review applies); *Allison v. Unum Life Ins. Co.*, No. CV 04-0025 (JSW) (DW), 2005 WL 1457636, at *11 (E.D.N.Y. Feb. 11, 2005) ("[T]he decision as to whether to allow discovery is distinct from the decision as to whether to allow consideration of additional evidence.").[1] Accordingly, the Court only resolves the scope of discovery question at this early stage of the litigation.

A plaintiff may show that there is a "reasonable chance that the requested discovery will satisfy the good cause requirement" "by alleging facts suggesting that the administrator's conflict may have affected its decision on the plaintiff's claim." *Durham v. Prudential Ins. Co. of Am.*,

---

[1] Defendant relies on *Miller v. United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995), for the proposition that, under the arbitrary and capricious standard, a district court's review is limited to the administrative record. In *Miller*, however, the Second Circuit relied on discovery outside of the administrative record—deposition testimony of the plan administrator—even when applying the arbitrary and capricious standard. 72 F.3d at 1070, 1072. District courts have not interpreted *Miller* as precluding review of evidence outside the administrative record under an arbitrary and capricious standard so long as there is good cause to consider the evidence. *See Burgio v. Prudential Life Ins. Co. of Am.*, 253 F.R.D. 219, 229 (E.D.N.Y. 2008); *Nagele v. Elec. Data Sys. Corp.*, 193 F.R.D. 94, 103 (W.D.N.Y. 2000). Moreover, in *Krauss*, the Second Circuit, in a case in which the arbitrary and capricious standard applied, stated that it is within a district court's discretion to admit evidence outside the administrative record if there is good cause and, in that case, upheld the district court's decision to do so. 517 F.3d at 631.

890 F. Supp. 2d 390, 397 (S.D.N.Y. 2012) (citing *Baird v. Prudential Ins. Co. of Am.*, No. 09 CIV 7898 (PGG), 2010 WL 3743839, at *7–8 (S.D.N.Y. Sept. 24, 2010), *aff'd*, 458 F. App'x 39 (2d Cir. 2012); *Trussel*, 552 F. Supp. 2d at 391-93); *see also Wagner v. First Unum Life Ins. Co.*, 100 F. App'x 862, 864 n.1 (2d Cir. 2004) (summary order) ("[D]iscovery may be appropriate in some cases where a petitioner seeks to show a conflict of interest[.]").  To obtain discovery outside the administrative record, however, a plaintiff must do more than make conclusory allegations, claim discovery is needed to determine whether he or she received a fair review, or allege a structural conflict of interest.  *Feltington v. Hartford Life Ins. Co.*, No. 14CV6616 (ADS) (AKT), 2016 WL 1056568, at *9 (E.D.N.Y. Mar. 15, 2016) (citing cases).

Together, the following factual allegations from the Plaintiff suffice, albeit barely, to show that there is a reasonable chance that Plaintiff's discovery will satisfy the good cause standard: after Plaintiff's Social Security claim had been denied, which increased Prudential's liability, Prudential reevaluated Plaintiff's medical condition even though Prudential had previously concluded that Plaintiff had reached maximum medical improvement and could not do any sedentary work; a non-examining medical consultant who only works for Prudential concluded that Plaintiff could do sedentary work without identifying any medical records to support that conclusion; Prudential terminated Plaintiff's benefits without identifying any medical finding that demonstrated her functioning had improved.  *See Feltington*, 2016 WL 1056568, at *10 ("[P]lausible allegations of 'procedural irregularities' in the administrative review process, considered in conjunction with a structural conflict of interest, may be sufficient to show that a plaintiff has a reasonable chance of success in meeting the good cause standard."); *Varney v. NYNEX Mgmt. Pension Plan*, No. CV 07-695 (LDW) (AKT), 2011 WL 6934773, at *5 (E.D.N.Y. Dec. 30, 2011) (allowing discovery, in part, because defendant reversed its decision that plaintiff was eligible for benefits without explanation, raising questions about the

processes defendant employed to determine benefit eligibility); *Mergel*, 2009 WL 2849084, at *2 (allowing discovery in the face of defendant changing its medical conclusion, which originally was that the plaintiff was unlikely to return work, after Social Security cancelled the plaintiff's benefits, which made the claim more expensive for defendant); *Burgio*, 253 F.R.D. at 231 (granting limited discovery in part because plaintiff sufficiently alleged that the medical professionals evaluating plaintiff's claim may have been operating under a conflict of interest).

Upon a preliminary review of Plaintiff's discovery requests,[2] however, the Court finds many of Plaintiff's discovery requests to be either too broad or redundant of what is expected to be in the administrative record. Accordingly, Plaintiff is not entitled to all of the discovery that she seeks. *See Durham*, 890 F. Supp. 2d at 397 (limiting discovery to reasonable document requests and a single deposition of a Prudential representative "in light of the 'the significant ERISA policy interests of minimizing costs of claim disputes and ensuring prompt claims-resolution procedures'" (quoting *Locher*, 389 F.3d at 295)); *Joyner v. Cont'l Cas. Co.*, 837 F. Supp. 2d 233, 243 (S.D.N.Y. 2011) (limiting the scope of discovery outside the administrative record).

## CONCLUSION

Plaintiff's request for discovery outside of the administrative record is GRANTED in part and DENIED in part. For the foregoing reasons, Plaintiff may seek discovery outside of the administrative record, but Plaintiff's current discovery requests are overbroad. Accordingly, the parties are required to meet and confer to limit the scope of Plaintiff's discovery. If the parties cannot reach agreement, within two weeks of the date of this Order, the parties must submit a

---

[2] Defendant included Plaintiff's discovery requests as an exhibit to its brief. Def. Brief on the Scope of Discovery, Exs. D, E (Dkts. 20-6, 20-7).

joint letter indicating the discovery requests on which they agree and those on which they disagree and must submit a Case Management Plan in accordance with the Court's March 2, 2016 Order (Dkt. 5).  At that time, the Court will schedule a conference to resolve the parties' discovery disputes and to set a discovery schedule.  If the parties can reach agreement, within two weeks of the date of this Order, the parties must submit both a joint letter informing the Court that they have agreed to the scope of discovery and a Case Management Plan.  At that time, the Court will schedule a conference to set a discovery schedule.

For the foregoing reasons, Defendant's motion for a teleconference in advance of filing a motion to strike or in the alternative for leave to file an opposition to Plaintiff's May 14, 2016 Memorandum of Law (Dkt. 21) is DENIED.  Plaintiff's motion for leave to file a reply to Defendant's future opposition is also DENIED as moot.  The Clerk of the Court is respectfully directed to close docket entries 23 and 28.

**SO ORDERED.**

**Date:  June 8, 2016**          **VALERIE CAPRONI**
       **New York, New York**          **United States District Judge**